### 17612.  BOWMAN v. THE STATE.

A mistrial should have been declared on the motion of the defendant because, after the court, on his trial for selling and possessing whisky, had excluded testimony of an arresting officer that the report which caused the officers to go to the defendant's home was that he had and was selling whisky; the prosecuting attorney, in his argument to the jury, said: "It is easy for you to infer what the report was that caused the officers to go to the home of this defendant; it was that it was a whisky joint."

DECIDED NOVEMBER 9, 1926.

Possessing intoxicating liquor; from city court of Macon—Judge Hall.  July 31, 1926.

*Hunter & Daly,* for plaintiff in error.

*Roy W. Moore, solicitor,* contra.

BROYLES, C. J.  The defendant was being tried for selling whisky and having whisky in his possession.  The arresting officer testified for the State: "We went to the home of the defendant on account of a report made to us that he had and was selling whisky."  Upon objection by the defendant the court properly excluded the words "that he had and was selling whisky," and instructed the jury not to consider this part of the evidence.  He left in, however, the rest of the testimony, to wit, "We went

Criminal Law, 16 C. J. p. 898, n. 97.

to the home of the defendant on account of a report." Subsequently the attorney for the State, in his argument to the jury, said: "It is easy for you to infer what the report was that caused the officers to go to the home of this defendant; it was that it was a whisky joint." The court erred in denying the defendant's timely motion for a mistrial, based upon these improper and prejudicial remarks.

*Judgment reversed. Luke, J., concurs. Bloodworth, J., absent on account of illness.*